UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 28 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| RAMIRO FELIX GONZALES, § | |
| TDCJ No. 999513, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. SA-10-CA-165-OG |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

### ORDER LIFTING STAY AND SETTING DEADLINES

The matter before this Court is the status of this cause. In an Order issued January 31, 2011, docket entry no. 16, this Court granted petitioner's motion for stay to permit petitioner to return to state court and exhaust available state remedies on petitioner's expanded ineffective assistance claims herein. In an unpublished Order, the Texas Court of Criminal Appeals adopted the state habeas trial court's findings and again denied state habeas corpus relief. *Ex parte Ramiro F. Gonzales*, WR-70,969-01, 2012 WL 2424176 (Tex. Crim. App. June 27, 2012). For unknown reasons, petitioner waited until August 24, 2012 to advise this Court of the state habeas court's ruling. *Docket entry no. 25.*

This Court will lift the stay issued in this cause and direct the parties to file their relevant pleadings. Given that petitioner filed his original petition in this cause more than eighteen months ago (*docket entry no. 12*) and has been on notice of

the state habeas court's denial of his subsequent state habeas application for approximately two months at this juncture, it is not unreasonable to expect the parties to file their pleadings in this cause in an expedited manner.

Accordingly, it is hereby **ORDERED** that:

1. This Court's Order issued January 31, 2011, docket entry no. 16, staying this cause is **VACATED**; the stay of all proceedings in this cause included therein is **RESCINDED**.

2. On or before sixty days from the date of this Order, petitioner shall file and serve on respondent's counsel of record petitioner's *amended* petition for federal habeas corpus relief and include therein all claims petitioner wishes this Court to consider in this federal habeas corpus proceeding.

3. Respondent shall file his answer to petitioner's *amended* federal habeas corpus petition or other responsive pleading on or before sixty days after receipt of a copy of petitioner's *amended* federal habeas petition. Respondent's answer or other responsive pleading shall conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and Rule 12 of the Federal Rules of Civil Procedure.

4. Respondent shall serve petitioner's counsel of record with a copy of said answer or other responsive pleading in

accordance with the provisions of Rule 5(b), Federal Rules of Civil Procedure.

    5.   <u>Exhaustion and Procedural Bar Issues</u>  Respondent shall clearly and directly respond to the issue of whether petitioner has exhausted available state remedies with regard to each of the grounds for federal habeas corpus relief set forth in petitioner's *amended* petition in this cause. If respondent denies that petitioner has exhausted available state remedies with regard to each ground for federal habeas relief set forth in petitioner's *amended* petition, respondent shall explain, in detail, those state remedies still available to petitioner with regard to each unexhausted claim. In the event that respondent wishes to assert the defense that the petitioner has procedurally defaulted on any claim for relief contained in petitioner's *amended* federal habeas corpus petition, respondent shall explicitly assert that defense and identify with specificity which of the petitioner's claims the respondent contends are procedurally barred from consideration by this Court.

    6.   <u>Abuse of the Writ</u>  In the event that respondent wishes to assert the defense that the petitioner has abused the writ, respondent shall explicitly assert that defense and identify with specificity which of the petitioner's claims herein either were included in a prior federal habeas corpus petition by petitioner or

could, with the exercise of diligence on petitioner's part, have been included in an earlier federal habeas petition by petitioner.

7. <u>Second or Successive Petition</u>  In the event that the respondent wishes to assert the defense that this is a second or successive petition filed by the petitioner attacking the same state criminal proceeding and that the petitioner has failed to comply with the requirements of Title 28 U.S.C. Section 2244, the respondent shall explicitly assert that defense.

8. <u>Limitations</u>  In the event that respondent wishes to assert the defense that the petitioner has failed to file this federal habeas corpus action within the one-year statute of limitations set forth in Title 28 U.S.C. Section 2244(d), respondent shall explicitly assert that defense and identify with specificity the date on which the one-year limitations period began to run and all time periods during which that limitations period was tolled.

9. <u>Petitioner's Reply</u>  On or before twenty (20) days after the date respondent serves petitioner's counsel of record with a copy of respondent's answer or other responsive pleading, petitioner shall file with the Clerk of this Court *and* serve on respondent's counsel of record any reply he wishes to make to respondent's answer or other responsive pleading.

10. <u>State Court Records</u>  On or before thirty days after respondent files his answer or other responsive pleading to

petitioner's *amended* petition, respondent shall transmit to the Clerk of this Court true and correct copies of all records from petitioner's state court proceedings, including petitioner's trial, direct appeal, and state habeas corpus proceedings, which have not previously been transmitted to the Clerk of this Court by respondent.

11. Any party seeking an extension on any of the foregoing deadlines shall file a written motion requesting such extension *prior* to the expiration of the deadline in question and shall set forth in such motion a detailed description of the reasons why that party, despite the exercise of due diligence, will be unable to comply with the applicable deadline.

SIGNED and ENTERED this ___28___ day of August, 2012.

ORLANDO L. GARCIA
United States District Judge