UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
SEP 1 4 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| RAMIRO FELIX GONZALES, | § | |
| TDCJ No. 999513, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL NO. SA-10-CA-165-OG |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR MITIGATION AND NEUROPSYCHOLOGICAL EXPERTS

The matters before this Court are (1) petitioner's motion for authorization to obtain expert assistance, filed January 25, 2011, docket entry no. 14, in which petitioner requests nine thousand dollars to retain a "mitigation expert," a pair of mental health experts, and a "sexual abuse" expert, to explore whether petitioner suffers from fetal alcohol syndrome, and (2) petitioner's motion for payment of investigative and expert fees in excess of two thousand dollars, filed January 28, 2011, docket entry no. 15.

Background

In his second claim in his original petition herein, petitioner asserted a claim that his trial counsel rendered ineffective assistance by failing to obtain and present expert testimony showing petitioner suffers from fetal alcohol spectrum disorders and the effects of sexual, emotional, physical, and

"biological" abuse. *Original Petition*, filed January 20, 2011, docket entry no. 12, at pp. 21-28.

Petitioner's motions, filed practically contemporaneously with his original petition, include acknowledgments that (1) a neuropsychologist testified on petitioner's behalf during petitioner's capital murder trial and (2) evidence was also presented during petitioner's trial regarding petitioner's history of developmental delay, immaturity, learning problems, school failure, multiple retention, early onset substance abuse, significant differences between petitioner's verbal and nonverbal IQ test performance, constructional apraxia, and central dysarthria.

In an Order issued January 31, 2011, docket entry no. 16, this Court granted petitioner's motion for stay to permit petitioner to return to state court and exhaust available state remedies on petitioner's expanded ineffective assistance claims herein. This Court did so for the purpose of permitting petitioner to exhaust state court remedies on his then-unexhausted claims, including the legal, factual, and evidentiary bases for all of said claims. Petitioner returned to state court and, presumably, did exhaust state remedies on his previously unexhausted claims for relief herein. In an unpublished Order, the Texas Court of Criminal Appeals adopted the state habeas trial court's findings and again denied petitioner state habeas corpus relief. *Ex parte Ramiro F.*

*Gonzales*, WR-70,969-01, 2012 WL 2424176 (Tex. Crim. App. June 27, 2012).

In an Order issued August 28, 2012, docket entry no. 26, this Court directed petitioner to file an amended petition within sixty days.

<u>Petitioner's Motions for Expert Funding</u>

Title 18 U.S.C. Section 3599(g)(2) limits this Court's ability to authorize payment for investigative and expert services at seven thousand, five hundred dollars, unless this Court certifies payment in excess of that amount is "necessary to provide fair compensation for services of an unusual character or duration." Petitioner's motions collectively request authorization and payment for investigative and expert services well in excess of eleven thousand dollars. Nothing in petitioner's motions establishes that the services requested, which appear on their face to duplicate the types of services rendered to petitioner by investigative and mental health experts employed by petitioner's trial counsel or court-appointed by petitioner's state trial court, are "necessary to provide fair compensation for services of an unusual character or duration" in connection with this cause. Petitioner has now had two opportunities in his state habeas corpus proceedings to develop the factual and evidentiary bases for his claims of ineffective assistance by his trial counsel. Petitioner's motions do not explain why he was unable, despite the exercise of due diligence,

to develop and present the factual and evidentiary bases for his ineffective assistance claims to the state courts during his most recent state habeas corpus proceeding.

Petitioner's motions contend that petitioner's current mental health expert, Dr. Adler, believes that additional neuropsychological testing of petitioner at the time of trial might have revealed evidence showing petitioner suffers from fetal alcohol spectrum disorders. Dr. Adler argues that petitioner's experts at trial failed to adequately evaluate petitioner and investigate evidence indicating petitioner might suffer from said disorders. The problem with Dr. Adler's arguments, however, is that the constitutional standard for evaluating Sixth Amendment ineffective assistance of counsel claims focuses, in part, on the objective reasonableness of trial counsel's performance, not the performance of a court-appointed expert witness. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Sixth Amendment also does not guarantee omniscience on the part of trial counsel. *See United States v. Fields*, 565 F.3d 290, 294 (5th Cir.)(clairvoyance is not a required attribute of effective representation), *cert. denied*, ___ U.S. ___, 130 S.Ct. 298, 175 L.Ed.2d 199 (2009); *Sharp v. Johnson*, 107 F.3d 282, 289 n.28 (5th Cir. 1997)(holding the same). Absent some rational explanation as to why it was objectively unreasonable for petitioner's trial counsel to rely upon the findings and expertise of the investigator

and mental health expert retained or court-appointed to assist petitioner's trial counsel, attacks upon the performance of said mental health expert or investigator do not necessarily implicate any Sixth Amendment concerns. Simply put, any Sixth Amendment claim petitioner wishes to assert herein must focus on the objective reasonableness of the conduct of his trial counsel, not on the lack of omniscience allegedly displayed by petitioner's trial expert.

There is no general right to the assistance of an investigator or discovery in a federal habeas corpus proceeding for the purpose of conducting a fishing expedition into the possible existence of additional, potentially mitigating, evidence. *Rule 6(b), Rules Governing Section 2254 Cases in the United States District Courts*, provides a party requesting discovery must provide reasons for the request. Petitioner has failed to do so. In fact, *Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts*, discovery is to be authorized only upon a showing of "good cause." Petitioner has not satisfied this standard.

The fact that a second mental health expert is now willing to second-guess the performance of a previous mental health expert does not, standing alone, establish "good cause" for discovery. In fact, it would be a rare case in which additional psychological testing, employing newer, more sophisticated, techniques, would not produce at least some additional, potentially mitigating, evidence

that was not presented at a capital defendant's trial. It would likewise be a rare case in which additional investigation into a capital murder defendant's background would not have produced at least some additional, potentially mitigating, evidence. Those facts do not, however, establish there was anything objectively unreasonable with the performance of petitioner's trial counsel at the time of petitioner's capital murder trial based upon the information reasonably available to said counsel. The performance of trial counsel must be viewed through the clear lens of the information known to said counsel or reasonably available to said counsel through the exercise of due diligence *at the time of trial*, not through the distorting prism of hindsight. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065-66.

For the foregoing reasons, petitioner has failed to convince this Court that any of the investigative or expert assistance requested in petitioner's motions satisfies the standards set forth in either *Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts,* or Section 3599(g)(2) of Title 18, United States Code.

Accordingly, it is hereby **ORDERED** that:

1. All relief requested in petitioner's motion for authorization to obtain expert assistance, filed January 25, 2011, docket entry no. 14, is **DENIED WITHOUT PREJUDICE**.

2. All relief requested in petitioner's motion for payment of mitigation expert fees and expenses, filed January 29, 2011, docket entry no. 15, is **DENIED WITHOUT PREJUDICE**.

SIGNED and ENTERED this  14  day of September, 2012.

ORLANDO L. GARCIA
United States District Judge