UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


FILED
JUL 0 3 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| RAMIRO F. GONZALES, §<br>TDCJ No. 999513, §<br>　§<br>Petitioner, §<br>　§<br>v. §<br>　§<br>LORIE DAVIS, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>　§<br>Respondent. § | CIVIL NO. SA-10-CA-165-OLG<br><br>* DEATH PENALTY CASE * |

## ORDER ON MOTION FOR RELIEF FROM JUDGMENT

Pending before the Court are Petitioner Ramiro Gonzales's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 44) and Respondent's opposition (ECF No. 46) thereto. Petitioner is a Texas death-row inmate who previously and unsuccessfully sought both state and federal habeas corpus relief. His post-conviction challenges culminated in the Supreme Court's denial of his petition for certiorari review in December 2015. *Gonzales v. Stephens*, 136 S. Ct. 586 (2015).

Citing the Supreme Court's recent decision in *Ayestas v. Davis*, 138 S. Ct. 1080 (2018), Petitioner now asks this Court to reopen his federal habeas proceedings, vacate the Court's Opinion denying relief (ECF No. 34), and reconsider the Court's previous denial of funding for expert services (ECF No. 27). After carefully considering the pleadings and relief sought by Petitioner, however, the Court has concluded Petitioner's motion is actually a successive petition over which this Court lacks jurisdiction. Alternatively, Petitioner has not demonstrated the extraordinary circumstances necessary for relief under Rule 60(b)(6). Petitioner's motion will therefore be dismissed for lack of jurisdiction and denied in the alternative.

## I. Background

In August and September 2006, Petitioner was convicted of capital murder and sentenced to death for the kidnapping, rape, robbery, and murder of Bridget Townsend. His conviction and sentence were affirmed on direct appeal, and certiorari was denied by the United States Supreme Court. *Gonzales v. State*, No. 75,540, 2009 WL 1684699 (Tex. Crim. App. June 17, 2009) (unpublished); *Gonzales v. Texas*, 559 U.S. 942 (2010). While his direct appeal was still pending, Petitioner also filed an eight-page state habeas application raising four claims for relief. This state habeas application was denied by the Texas Court of Criminal Appeals in September 2009. *Ex parte Gonzales*, No. 70,969-01, 2009 WL 3042409 (Tex. Crim. App.).

Represented by new counsel, Petitioner filed his original federal habeas corpus petition in this Court in January 2011, and sought a stay and abeyance so that he may return to state court to exhaust new claims not previously raised in his first state habeas proceeding. ECF Nos. 12, 13. Petitioner also requested over $40,000 in funding for investigative and expert assistance to help support these new claims, including an ineffective-assistance-of-trial-counsel (IATC) claim alleging counsel were ineffective for (1) failing to investigate and present evidence that he suffered from Fetal Alcohol Spectrum Disorder (FASD), and (2) failing to obtain an expert to evaluate and present evidence of "the sexual, emotional, physical, and biological effects of childhood sexual abuse." ECF No. 14. On January 31, 2011, this Court granted Petitioner's request to stay and held in abeyance Petitioner's request for funding pending the results of his return to state court. ECF No. 16.

Upon returning to state court, Petitioner raised six new claims for relief in his second state habeas corpus application, including the IATC claim previously mentioned, which the Texas Court of Criminal Appeals ultimately dismissed as an abuse of the writ. *Ex parte*

*Gonzales*, No.70,969-02, 2012 WL 340407 (Tex. Crim. App. 2012). The state court also dismissed Petitioner's motion for funding of expert assistance. *Id.* Thereafter, this Court lifted the previously-issued stay and set briefing deadlines for Petitioner's federal habeas proceedings. ECF No. 26. The Court also denied without prejudice Petitioner's motion for funding for investigative and expert assistance. ECF No. 27. Following the submission of Petitioner's amended federal habeas petition and Respondent's answer, the Court denied relief in a Memorandum Opinion and Order dated January 15, 2014. ECF No 34. Specifically, with regard to Petitioner's new IATC claims, the Court determined the claims were procedurally defaulted and alternatively failed on the merits as well. This determination was affirmed by the Fifth Circuit in April 2015 in an unpublished opinion, and certiorari was then denied by the Supreme Court. *Gonzales v. Stephens*, 606 Fed. Appx. 767 (5th Cir. 2015); *Gonzales v. Stephens*, 136 S. Ct. 586 (2015).

On May 22, 2018—over four years after this Court denied federal habeas relief—Petitioner filed the instant motion requesting that the Court reopen these proceedings under Rule 60(b)(6) in order to reconsider the denial of funding for investigative and expert assistance pursuant to 18 U.S.C. § 3599. Citing the *Ayestas* opinion, Petitioner contends the Court erred in denying funding by failing to apply the correct standard governing such requests under § 3599. This "misapprehension" of the correct standard, Petitioner argues, constitutes a defect in the integrity of the proceedings that tainted the post-conviction review process and amounted to an extraordinary circumstance sufficient to justify reopening the habeas proceedings. As such, Petitioner asks to be restored to the position he was in just prior to the issuance of this Court's denial of § 3599 funding.

## II. Successive Petition

A district court has jurisdiction to consider a Rule 60 motion in habeas proceedings so long as the motion "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A motion that seeks to add a new ground for relief or attack the previous resolution of a claim on the merits is, in fact, a successive petition subject to the standards of 28 U.S.C. § 2244(b). *Id.* at 531-32; *In re Sepulvado*, 707 F.3d 550, 552 (5th Cir. 2013). A Rule 60 motion is also a subsequent petition when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim. *Id.*; *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).

By contrast, a motion that shows "a non-merits-based defect in the district court's earlier decision on the federal habeas petition" falls within the jurisdiction of the district court to consider. *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010). In other words, if the Rule 60 motion only attacks a "defect in the integrity" of the petitioner's federal habeas proceedings, the motion shall not be treated as a second-or-successive petition. *Gonzalez*, 545 U.S. at 532. However, because such procedural defects are "narrowly construed," it is extraordinarily difficult to establish. *In re Coleman*, 768 F.3d 367, 371-72 (5th Cir. 2014). A procedural defect includes fraud on the habeas court, as well as previous rulings which precluded a merits determination—for example, "a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* (citing *Gonzalez*, 545 U.S. at 532 n.4).

Petitioner argues his request for Rule 60 relief is not a successive habeas petition because it is solely an attack on a defect in his prior habeas proceedings—the denial of § 3599 funding under the allegedly incorrect standard. Petitioner purportedly does not seek to advance new

4

claims nor attack this Court's substantive ruling on existing claims, but rather only wishes to litigate his entitlement to funding under § 3599 pursuant to the correct standard annunciated in *Ayestas*. But such a statement is misleading. Although Petitioner ostensibly seeks only to relitigate his entitlement to funding for expert assistance, it is beyond question that such funding, if eventually granted, would be used to develop evidence that would support the IATC allegations mentioned previously. Because Petitioner's Rule 60 motion essentially seeks to present new evidence in support of these claims, it is a subsequent petition. *Gonzalez*, 545 U.S. at 531-32; *Ruiz*, 504 F.3d at 526.

Furthermore, by asking to be "restored" to the position he was in before funding was originally denied, Petitioner all but announces his intention to relitigate the underlying IATC claims once funding is granted. It thus appears Petitioner's Rule 60 motion is simply a means to re-open the proceedings for the ultimate purpose of resurrecting IATC claims this Court has already adjudicated on the merits. That is the very definition of a successive petition. *See United States v. Hernandes*, 708 F.3d 680, 682 (5th Cir. 2013) (finding Rule 60(b) motion to be a "[§ 2254] motion in disguise" because it attacked federal court's previous resolution of claim on the merits). Moreover, the alleged defects in this case did not preclude a merits determination of Petitioner's procedurally-defaulted IATC claims. *In re Coleman*, 768 F.3d at 371-72. Quite the opposite, the district court adjudicated the claims in the alternative on the merits and denied relief, and the Fifth Circuit denied review when the claims were raised on appeal. Although Petitioner may allege the review ultimately given by the district court and Fifth Circuit was lacking because it was without the benefit of the additional expert testimony obtained by the § 3599 funding, such an argument is substantive rather than procedural.

Petitioner disagrees with the result of the previous proceedings and is essentially asking "for a second chance to have the merits determined favorably." *Id.* at 372. Because the alleged procedural defect is simply an attempt to circumvent § 2244, however, the Rule 60 motion must be dismissed. *Hernandes*, 708 F.3d at 681. Petitioner has not obtained leave from the Fifth Circuit Court of Appeals to file a successive habeas petition as dictated by § 2244(b)(3)(A). Therefore, this Court lacks jurisdiction to consider the motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (§ 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the appellate court has granted petitioner permission to file one).

### III. Alternative Analysis

Even if Petitioner were able to show that his motion is not a successive petition, he has not shown extraordinary circumstances that would justify Rule 60(b) relief. Pursuant to Rule 60(b)(6), a court may reopen a final judgment when a party shows "any other reason that justifies relief." But while considered a "grand reservoir of equitable power to do justice," Rule 60(b)(6) relief is available only if "extraordinary circumstances" are present. *Gonzales*, 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)); *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010). In determining whether extraordinary circumstances are present, a court may consider a wide range of factors, including "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-864 (1988)).[1] However, the Supreme Court has stated that "[s]uch circumstances will rarely

---

[1] The Fifth Circuit has also articulated a number of other equitable factors relevant to the Rule 60(b) inquiry: (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether the judgment was a default or a dismissal in

6

occur in the habeas context." *Gonzales*, 545 U.S. at 535. And indeed, such circumstances do not exist in this case.

Petitioner contends this Court's denial of § 3599 funding during his federal habeas proceeding constitutes an extraordinary circumstance sufficient to warrant re-opening the judgment. According to Petitioner, the denial of funding was due, in part, to the overly burdensome "substantial need" standard imposed by the Fifth Circuit in such circumstances which was recently rejected by the Supreme Court in *Ayestas*. 138 S. Ct. at 1093 (finding the "substantial need" standard carries a heavier burden than the "reasonably necessary" standard set forth in the statute). However, a change in decisional law does not, on its own, constitute an extraordinary circumstance warranting relief from judgment. *Gonzalez*, 545 U.S. at 536; *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (citing *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)).

Even assuming *Ayestas* could potentially constitute an extraordinary circumstance, it would have no effect on this case because, in rejecting Petitioner's request for funding, this Court never cited nor relied on the "substantial need" test denounced in *Ayestas*. ECF No. 27. Instead, the Court determined Petitioner failed to satisfy either the standards for discovery set forth in Rule 6(a) of the Rules Governing Section 2254 Proceedings or the "reasonably necessary" standard for expert funding set forth in 18 U.S.C. § 3599(g)(2).[2] *Id.* at 6. Such a determination is hardly an extraordinary circumstance, particularly when there is nothing to indicate the decision was influenced by the "substantial need" test as Petitioner contends.

---

which there was no consideration of the merits and whether there is merit in the movant's claim or defense; (6) whether the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[2]   Section 3599(g)(2) states, in part, that funding for "investigative, expert, and other *reasonably necessary* services authorized under subsection (f) shall not exceed $7,500 in any case unless payment in excess of that limit is certified by the court . . . and approved by the chief judge of the circuit." (emphasis added).

7

Petitioner acknowledges that the change in decisional law effectuated by *Ayestas* is insufficient, on its own, to demonstrate an extraordinary circumstance. He maintains, however, that the balance of equities weighs in his favor because he has demonstrated substantial IATC claims in that a reasonable attorney would consider the requested funding for experts to be sufficiently important. But whether there is merit in the IATC claims only becomes a relevant factor in the Rule 60(b) analysis if "there was no consideration of the merits" in the first place. *Seven Elves*, 635 F.2d at 402. That is not the case here. To the contrary, the Court thoroughly reviewed in the alternative the merits of Petitioner's defaulted IATC claims and denied relief. Thus, the fact Petitioner was given a fair opportunity to present him claims and these claims were adjudicated on the merits during the original federal habeas proceedings do not weigh in Petitioner's favor.

The majority of the remaining equitable factors mentioned in *Seven Elves* also weigh against granting Rule 60(b)(6) relief. In addition to the fact that Petitioner's IATC claims were rejected on the merits, the Court also takes into account the fact that "final judgments should not be lightly disturbed." *Seven Elves*, 635 F.2d at 402. Indeed, finality is a particularly strong consideration in the habeas context. *See Diaz v. Stephens*, 731 F.3d 370, 376 n. 1 (5th Cir. 2013) (holding that, "in the context of habeas law, comity and federalism elevate the concerns of finality, rendering the 60(b)(6) bar even more daunting.). Petitioner was convicted by a jury in state court nearly twelve years ago, and has unsuccessfully sought habeas relief in both state and federal court. Thus, the "State's strong interest in the finality of [Petitioner's] conviction and sentence[] and the delay that will undoubtedly result from reopening this long-closed case all weigh in favor of denying [his] Rule 60(b)(6) motion." *Id.* at 378.

The Court also takes into account whether the Rule 60(b) motion is being "used as a substitute for appeal" and whether the motion "was made within a reasonable time." *Seven Elves*, 635 F.2d at 402. Petitioner did not appeal this Court's denial of funding under § 3599, and it appears the underlying purpose of the instant motion is to eventually force the Court to review the merits of his IATC claims afresh. As such, he is impermissibly using Rule 60(b)(6) as a "substitute for appeal." *Seven Elves*, 635 F.2d at 402; *see also Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) ("Rule 60(b)(6) motions are not substitutes for timely appeals."). Moreover, Petitioner challenges the denial of funding from September 2012 (ECF No. 27) and seeks to set aside a judgment that became final in December 2015 (ECF No. 41). Given that the *Ayestas* opinion has no bearing on the Court's denial of funding, Petitioner has provided no reason why this motion could not have been presented sooner. His motion, therefore, has not been presented "within a reasonable time." *Seven Elves*, 635 F.2d at 402.

In sum, Petitioner fails to establish any risk of "injustice to the parties" or of "undermining the public's confidence in the judicial process," much less that "extraordinary circumstances" exist to grant Rule 60(b) relief. *Buck*, 137 S. Ct. at 777-78; *Seven Elves*, 635 F.2d at 402.

### IV. Conclusion

The Court concludes that Petitioner's Rule 60 motion should be construed as a successive petition and dismissed without prejudice for want of jurisdiction. Alternatively, the motion is without merit because Petitioner has not established an extraordinary circumstances that would justify relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), filed May 22, 2018 (ECF No. 44), is **DISMISSED** without prejudice for want of jurisdiction. Alternatively, the Motion for Relief from Judgment is **DENIED**;

2. No certificate of appealability shall issue in this case, as reasonable jurists could not debate the denial or dismissal of Petitioner's motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___7___ day of July, 2018.

_____
**ORLANDO L. GARCIA**
**Chief United States District Judge**